UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUARDIAN ALARM COMPANY OF
MICHIGAN, and GUARDIAN MEDICAL
MONITORING, INC., Michigan Corporations,

       Plaintiffs,                              CASE NO. 06-CV-13721

-vs-                                          PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

JEFFREY S. PROUGH, a Michigan resident,
individually, and CRITICAL SIGNALS
TECHNOLOGIES, INC., a Delaware Corporation,

       Defendants.

_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS VI, VII, AND VIII;**
**AND (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON**
**COUNTS IV AND V**

       Before the Court is Defendants' October 2, 2006 (1) Motion to Dismiss Counts VI, VII, and VIII for lack of subject matter jurisdiction; and (2) Motion for Summary Judgment on Counts IV and V. (Docket No. 17). Plaintiffs filed their Response on November 2, 2006. (Docket No. 29). Defendants file their Reply to Plaintiffs' Response on November 16, 2006. (Docket No. 31). A motion hearing was held on December 20, 2006. For the following reasons, the Court GRANTS Defendants' Motion to Dismiss Counts VI, VII, and VII and DENIES Defendants' Motion for Summary Judgment on Counts IV and V.

**I.    BACKGROUND**

This case arises out of Defendant Jeffrey S. Prough's ("Defendant") alleged trademark infringement, violation of a non-competition agreement, breach of fiduciary duty, and conversion of property of Plaintiffs Guardian Alarm Company of Michigan ("GAA") and Guardian Medical Monitoring ("GMM"). On August 30, 2006, Plaintiffs filed an Amended Complaint containing the following Counts:

> Count I:        Trademark Infringement
> Count II:       Unfair Competition
> Count III:      Dilution
> Count IV:     Violation of Covenant not to Compete
> Count V:      Violation of Non-Solicitation
> Count VI:     Breach of Fiduciary Duty
> Count VII:    Conversion
> Count VIII:   Claim & Delivery

Plaintiffs filed a Motion for Preliminary Injunction on August 22, 2006, to enjoin Defendant from violating his non-compete agreement and to enjoin further trademark violations. The Court denied the Motion for Preliminary Injunction to enforce the non-compete agreement on October 19, 2006. *See Guardian Alarm Co. of Michigan v. Prough*, No. 06-13721, 2006 WL 2990503 (E.D. Mich. Oct. 19, 2006) (unpublished). Findings of fact and conclusions of law for the purposes of a preliminary injunction are not conclusive for later proceedings. *Vittitow v. City of Upper Arlington*, 43 F.3d 1100, 1107-08 (6th Cir. 1995).

Before the Court is Defendants' October 2, 2006 (1) Motion to Dismiss Counts VI, VII, and VIII for lack of subject matter jurisdiction; and (2) Motion for Summary Judgment on Counts IV and V.

## II.     ANALYSIS

### A.     Motion to Dismiss Counts VI, VII, and VIII

In Counts VI, VII, and VII of the Amended Complaint, Plaintiffs allege that Defendant breached his fiduciary duty towards GAA and GMM, while president of the company, by (1) failing to account for $130,000 in cash to be used a prize money and employee bonuses; (2) providing $150,000 worth of equipment, services, and favors for his son's private school from the company; (3) obtaining a $60,000 loan for a country club membership without repaying the company; (4) taking an unauthorized $10,000 cost of living increase; (5) approving over $80,000 worth of unauthorized employee expense reimbursements; (6) engaging in "illegal and immoral behavior" while president and utilizing company equipment to view and to maintain child pornography; and (7) advancing himself $25,000 in bonuses without authorization. In addition, Plaintiffs allege that Defendant converted (1) costs of limousines for personal benefit; (2) $2,500 in an authorized bonus to his secretary; (3) a 1996 Corvette; and (4) camera and computer equipment. Plaintiffs' claim & delivery claim arises from Defendant's alleged possession of the 1996 Corvette.

Defendant argues that Counts VI, VII, and VIII of the Amended Complaint address alleged wrongdoing by Defendant while he was still an employee of the Guardian entities. Defendant contends that the Court should decline to exercise supplemental jurisdiction over these state law claims since these facts do not arise out of the same nucleus of operative facts as the underlying federal trademark claim.

Plaintiff counters that the Court should not focus on the temporal aspect of the claims, but rather a "transactional" or "relationship" basis. Plaintiff urges the Court to view the pre-

termination and post-termination causes of action as the as a "common nucleus of operative facts."

Federal district courts enjoy "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). A claim "form[s] part of the same case or controversy when [it] derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004) (internal citation and quotation marks omitted).

The Court holds that Counts VI, VII, and VIII do not arise out of the same common nucleus of operative facts as the facts that give rise to the federal trademark claim. The Court finds important factual distinctions between the alleged wrongdoings that Defendant committed while still an employee of Plaintiffs and his subsequent post-termination conduct in relation to the use of Plaintiffs' registered trademark and violating a signed non-compete agreement. Therefore, the Court DISMISSES WITHOUT PREJUDICE Counts VI, VII, and VIII of Plaintiffs' Complaint.

      **B.    Motion for Summary Judgment on Counts IV and V**

           1.    Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving

party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in

Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

2.  Counts IV and V

Since the parties offer the same evidence and arguments for the purposes of Defendants' Motion for Summary Judgment, as in Plaintiffs' Preliminary Injunction Motion, the Court refers to its previous Order to summarize the parties' factual allegations and the Court's consideration of the relevant law. *See Prough*, 2006 WL 2990503.

Plaintiffs' evidence in this case includes the fact that (1) Defendant made several statements in front of Guardians' corporate counsel, human resources directors, finance director, and general manager stating that he had signed the agreement; (2) Defendant kept his personnel file, where the agreement would have been kept, since 1998 and was in possession of the file even after he was terminated from Guardian, until the commencement of the present litigation in 2006; (3) Guardian's company policy requires all employees to sign a non-compete agreement; and (4) Defendant's credibility is in issue.

Neither party, nor the Court, has been able to locate Michigan law addressing the issue of whether a non-compete agreement can be enforced in the absence of the signed agreement, where its existence is disputed by the defendant.[1]

---

[1] At the December 20, 2006 motion hearing, Defendants urged the Court to consider *Uncle B's Bakery, Inc. v. O'Rourke*, 920 F. Supp. 1405 (N.D. Iowa 1996), a case previously cited in the Court's October 19, 2006 Order Denying Plaintiffs' Motion for Preliminary

Whereas the Court previously held that Plaintiffs' evidence was insufficient for the Court to grant a preliminary injunction to enjoin Defendant from violating the non-compete agreement, the Court holds for the purposes of summary judgment, that in the light most favorable to the non-moving party, Plaintiffs' evidence is sufficient to create a genuine issue of material fact whether Defendant signed a non-compete agreement. *See id.* at *6-8.

### III.   CONCLUSION

The Court **DISMISSES WITHOUT PREJUDICE** Counts VI, VII, and VIII and **DENIES** Defendants' Motion for Summary Judgment as to Counts IV and V.

**SO ORDERED.**

                                         s/Paul D. Borman
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2006.

                                         s/Denise Goodine
                                         Case Manager

---

Injunction. *Prough*, 2006 WL 2990503, at *6. Defendants argued that, unlike *O'Rourke*, there is no evidence in this case than anyone at Guardian actually observed Defendant sign an agreement or saw the signed agreement. The Court, however, does not read *O'Rourke* for the proposition that the court would have granted summary judgment to the defendant but for testimony in the record that the owner of the plaintiff company actually observed the defendant sign the agreement.