UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUARDIAN ALARM CO.
OF MICH. and GUARDIAN
MEDICAL MONITORING, INC.,

       Plaintiffs,

                              CASE NO. 06-CV-13721-DT
                              JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

JEFFREY S. PROUGH and
CRITICAL SIGNAL
TECHNOLOGIES, INC.,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' OBJECTION AND MOTION TO QUASH (Doc. Entries 35 and 36)**

**I.    Background**

Defendant Jeffrey S. Prough was terminated from employment with plaintiffs on October 4, 2005. Doc. Ent. 1 at 3 ¶ 8; Doc. Ent. 9 at 3 ¶ 8. Plaintiffs filed their original complaint on August 21, 2006. The following day, plaintiffs filed an ex parte motion for preliminary injunction and temporary restraining order. Attached to that motion is an unsigned copy of Guardian Security Services "Covenant Not to Compete". Doc. Ent. 3 Ex. C; Doc. Ent. 24 Ex. 2.

On August 30, 2006, plaintiffs Guardian Alarm Co. of Mich. (GAM) and Guardian Medical Monitoring, Inc. (GMM) filed an amended complaint against defendants Jeffrey S. Prough (Prough) and Critical Signal Technologies, Inc. (CST) alleging (I) trademark infringement (with respect to the "Virtually Care There" mark); (II) unfair competition; (III) dilution; (IV) violation of non compete agreement; (V) violation of non solicitation; (VI) breach

of fiduciary duty; (VII) conversion and (VIII) claim & delivery.

On October 19, 2006, Judge Borman entered an opinion and order denying plaintiffs' motion for a preliminary injunction. On December 20, 2006, Judge Borman entered a stipulated order of permanent injunction providing that "[d]efendants are hereby permanently enjoined and restrained from any further use of the phrase 'Virtually There Care.'" The following day, Judge Borman entered an order (1) granting defendants' motion to dismiss counts VI, VII and VIII and (2) denying defendants' motion for summary judgment on counts IV and V.

Currently pending before me are defendants' January 31, 2007 objections to the January 12, 2007 non-party subpoenas served upon Dunrath Capital, Inc., Brian E. Gannon, Concentric Equity Partners, and Ken Hooten (Doc. Ent. 35)[1] and motion to quash subpoenas (Doc. Ent. 36).[2] Each subpoena contains a command to appear with documents and is accompanied by a notice of taking deposition duces tecum.[3] In each case, the subpoenas request "[a]ny and all documents, notes, memorandum, etc., paper, electronic or otherwise relating to [CST], [Prough], Marguerite Linteau or Thomas Reddy."[4] By their motion, defendants seek to "quash the subpoenas in their

---

[1]During the March 1, 2007 oral argument, defense counsel described Gannon and Hooten as members of the CST Board of Directors and Dunrath Capital and Concentric Equity Partners as controlling shareholders of CST.

[2]On February 2, 2007, Judge Borman referred these two filings to me for hearing and determination. (Doc. Ent. 39).

[3]Attached to the January 31, 2007 objections and motion are copies of the four (4) January 12, 2007 subpoenas. Doc. Ent. 35 Exhibits 1-4; Doc. Ent. 36 Exhibits 1-4.

[4]According to defendants, "[p]laintiffs have filed separate state court lawsuits against Marguerite Linteau and Thomas Reddy." Doc. Ent. 35 at 3 ¶ 4. During oral argument, defense counsel represented that the lawsuit against Linteau is set in Washtenaw County and the lawsuit against Reddy is set in Oakland County. On September 25, 2006, Judge Wendy Potts entered an opinion and order granting plaintiffs' motion for injunctive relief in *GAM and GMM v. Reddy*, Case No. 06-077031 CK (Oakland County Circuit Court). Doc. Ent. 19 Ex. 2. Reddy's October 3, 2006 motion to quash in the instant case (Doc. Ent. 21) is pending before Judge Borman.

entirety[,]" or "limit the subpoenas to documents pertaining to CST sales to [p]laintiffs['] customers that occurred prior to October 4, 2006 [one year from the date of defendant Prough's termination], and to documents pertaining to the alleged use of the phrase 'Virtually There Care', and limit the requested depositions to these issues as well[,]" or "grant [d]efendants such other relief to which they are entitled." Doc. Ent. 36 at 6.

Plaintiffs filed a response in opposition to defendants' motion to quash subpoenas on February 16, 2007. Doc. Ent. 44. Plaintiffs argue that "[d]efendants have not supported their assertion of privilege with a privilege log or with anything else[,]" and "[d]efendants' objections of irrelevance, undue burden, oppression, etc., are not defendants' objections to make, and the non-parties who could make objection have not objected; indeed, they have made no response whatsoever." Doc. Ent. 44 at 10.

On February 26, 2007, Hooten, Gannon, Concentric Equity Partners and Dunrath Capital, Inc. filed a concurrence with defendants' objections and motion to quash subpoenas. Doc. Ent. 47.[5] On February 26, 2007, defendants filed a reply in support of their motion to quash subpoenas. Doc. Ent. 48.

A hearing on defendants' filings was scheduled for March 1, 2007. Doc. Ent. 42. On the date set for hearing, attorney Mark Shreve represented plaintiffs and attorney R. Christopher Cataldo represented defendants and the subpoenaed parties. Also present was attorney Robert M. Craig of Guardian Security Services. Defendants argued that the subpoenas were not limited and stated that an appropriate course of action would be to quash the subpoenas, have plaintiff submit narrowly tailored subpoenas to CST itself, and have plaintiff notice Rule 30(b)(6)

---

[5]This document was filed by defense counsel, attorney Cataldo.

3

depositions.  Plaintiffs mentioned a July 2006 agreement between Linteau and CST; CST's advertisement in an August 6, 2006 "n4a" conference brochure (*see* Doc. Ent. 1 at 18) and an August 14, 2006 Crain's article (*see* Doc. Ent. 10 Ex. B; Doc. Ent. 17 Ex. C).  Also, plaintiffs' counsel stated that plaintiff wanted to examine individuals regarding their knowledge prior to funding CST, the documents sought are not all CST documents and the CST files should include marketing plans.  He also argued that the date of October 4, 2006 was irrelevant as to damages.

As stated at the conclusion of oral argument, the subpoenas are not quashed in their entirety.  Plaintiffs are entitled to take the depositions pursuant to the subpoenas; however, the witnesses subpoenaed are not required to produce CST corporate documents (i.e., documents created by the corporation and contained in the files and records of the corporation) or copies of such documents in their possession.  An attempt by plaintiffs to obtain such documents should be done pursuant to Fed. R. Civ. P. 34.  Any complaints plaintiffs may have with the sufficiency of defendants' responses to any such Rule 34 discovery request shall be addressed in the form of a motion to compel.  It is up to plaintiffs' counsel if he wishes to proceed with the depositions or to first resolve the document dispute.[6]

---

[6]Pursuant to Judge Borman's February 22, 2007 scheduling order, discovery is due by August 22, 2007.  The parties have begun to engage in discovery:

Defendants' first interrogatories and requests for production of documents to plaintiffs are dated November 28, 2006.  Doc. Ent. 40 Ex. B.  Plaintiff's answers to defendants' first interrogatories and response to defendants' requests for production of documents are dated December 28, 2006.  Doc. Ent. 40 Ex. A; Doc. Ent. 45 Ex. 1. On February 2, 2007, defendants filed a motion to compel answers and complete responses to first set of discovery requests.  Doc. Ent. 40.  On February 9, 2007 plaintiffs served supplemental answers to defendants' first interrogatories.  Doc. Ent. 45 Ex. 2; Doc. Ent. 48 Ex. B.  On February 20, 2007, plaintiffs filed a response.  Doc. Ent. 45.  This motion is currently pending before Judge Borman.

Plaintiffs executed the subpoenas at issue on dated January 12, 2007.  On January 25, 2007, plaintiffs served their first requests for production of documents to defendants and first set of interrogatories to defendants.  Doc. Ent. 45 Ex. 3.  On February 26, 2007 defendants served

**II.	Order**

Consistent with my March 1, 2007 ruling from the bench, defendants' January 31, 2007 objections (Doc. Ent. 35) and motion to quash (Doc. Ent. 36) are GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten (10) days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

s/Paul J. Komives
UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

---

**Certificate of Service**

I hereby certify that the foregoing **Order** was served electronically on the attorneys of record on March 2, 2007.

s/Kim Grimes
Acting in the absence of Eddrey Butts,
Case Manager to Magistrate Judge
Paul J. Komives

---

responses to plaintiffs' first requests for production of documents to defendants and first set of interrogatories to defendants.  Doc. Ent. 48 Ex. A.